# Jaworski v. Orton, Joyce & Dunlavey P.C.

C.P. of Allegheny County, no. GD 97-15662.

*Christina Hurnyak,* for plaintiffs.
*Joseph S.D. Christoff II,* for defendants Dunlavey.
*William K. Herrington,* for defendants Bloom, Rosenberg, Kirschner, and Margolis Edelstein.

FRIEDMAN, *J.,* February 8, 2000—The instant case is a many-layered one involving allegations of breach of

contract and fraud by clients against two sets of lawyers. A count for legal malpractice has not been asserted.

On June 8, 1981, plaintiff husband was injured in a one-car accident allegedly caused by PennDOT's failure to maintain the road in question resulting in water accumulating which caused plaintiff's car to hydroplane.

In late 1981 or early 1982, plaintiffs hired defendant Michael Dunlavey to sue the Commonwealth for its negligence.[1] Mr. Dunlavey filed a writ of summons on June 3, 1983. The tort action against the Commonwealth was dismissed 10 years later, on November 3, 1993, in response to a motion for non pros. Plaintiffs allege that Mr. Dunlavey fraudulently concealed his failure to pursue the case, instead leading them to believe he was trying to settle it while preparing to try it.

On April 5, 1995, plaintiffs hired defendant Bloom to sue defendant Dunlavey for malpractice.

No action against any of the Dunlavey defendants was ever filed by defendant Bloom. Instead, plaintiffs' third set of attorneys filed the instant lawsuit against the Dunlavey defendants and against defendant Bloom and his law firms, Rosenberg, Kirschner, P.A. and Margolis Edelstein. The Bloom defendants have not filed a motion for summary judgment. The motion for summary judgment of the Dunlavey defendants is directed at the two counts against them: Count I for breach of contract, and Count II for fraud.

Dealing with Count II first, the two-year statute of limitation applies. The question would be when the statute began to run. The allegations of Mr. Dunlavey's fraudu-

---

1. The other "Dunlavey" defendants would be vicariously liable for his conduct. If the claim against Mr. Dunlavey fails, plaintiffs' claims against them would also be dismissed from the case.

lent concealment of his alleged negligent handling of the case are sufficient to extend the statute of limitations for malpractice to begin as of the date they had reason to know that defendant Dunlavey's representations about the status of the case were untrue.[2] However, these allegations do not give rise to a separate cause of action. The elements of fraud include the requirement that the plaintiffs must have *relied* on the fraudulent misrepresentations *to their detriment.* Here, the "detriment" was caused by the alleged malpractice; the only *additional* "detriment" attributable to the fraudulent concealment would have been the bar of the statute of limitations. Since the law extends the limitations period to the date plaintiffs knew or should have known of the fraudulent concealment, no additional "detriment" was suffered. Furthermore, the remedy for this count of fraud has already been received by plaintiffs: they had the right to sue the Dunlavey defendants for legal malpractice for two years from the time they learned of it. Alternatively, even if the fraud count is assumed to be viable, it was untimely filed [on September 30, 1997,] more than two years after April 5, 1995 and is therefore time-barred.

Unfortunately for plaintiffs, they did not take advantage of the extended time period, a fact they appear to concede by not having included a count for professional negligence in the instant complaint. However, the attempt to avoid the two-year statute of limitations by filing the breach of contract claim at Count I is of no avail. It is well-settled that a breach of contract claim will not lie

---

2. Judge Wettick has already ruled that the *latest* date for the commencement of the limitations period for *any* of the causes of action [against the Dunlavey defendants] is April 5, 1995.

where the averments (or the proofs) show professional negligence is the appropriate action.

Here, plaintiffs try to bolster their contract action by saying that they specifically instructed Mr. Dunlavey to "either settle the case or prepare it for trial." His failure to do either is the alleged breach of contract. However, that is not the kind of specific instruction that creates a contract claim. The professional relationship between plaintiffs and Mr. Dunlavey is what *created* the duty to either settle the case or prepare it for trial. There is nothing in this case to distinguish it from the myriad of cases that say the breach of this kind of duty gives rise to a negligence action only.

The motion of the Dunlavey defendants for summary judgment must be granted as to plaintiffs' claims only without prejudice to the right of the Bloom defendants to pursue their cross-claims for indemnification or contribution.

### ORDER

And now, to-wit, February 8, 2000, it is hereby ordered that the Dunlavey defendants' motion for summary judgment is granted, without prejudice to the right of the remaining defendants to pursue their cross-claims for indemnification or contribution.